## BOWERS v. BUCYRUS CO.

### (Circuit Court, E. D. Wisconsin. January 13, 1904.)

**1. PATENTS—SUIT FOR INFRINGEMENT—SUFFICIENCY OF BILL.**

A bill for infringement of a patent makes a prima facie case where it alleges the invention, the issue of letters patent, ownership by complainant, infringement by defendant, and damages sustained. The filing of an application in due form commensurate with the grant is presumed from the issuance of the patent, and need not be alleged, any defect therein affecting the validity of the patent being matter of defense.

**2. SAME—DEMURRER TO BILL.**

The mention in a bill for infringement of prior patents to the same patentee does not amount to a profert of such patents so as to bring them before the court for consideration on a demurrer to the bill.

In Equity. On demurrer to the bill for infringement of two patents relating to hydraulic dredging—No. 372,956, of November 8, 1887, and No. 484,763, of October 18, 1892.

John H. Miller, for complainant.

Quarles, Spence & Quarles and Parker & Carter, for defendant.

SEAMAN, District Judge. The various causes, 15 in number, assigned for demurrer, tend to an impression that the questions involved are numerous and complicated. But the excellent briefs submitted on behalf of the defendant clear the way to narrowing the inquiry to two or three contentions, which are plainly outlined, and the only difficulty in their solution is that general principles of equity pleading and patent law must be applied, without the aid of precedents for the points thus raised. The propositions are not "purely technical," and certainly not inconsequential as treated in the brief for complainant. Their premises, if sound, affect the validity of the patents; and, if either contention as to the effect of the allegations is sound, it seems probable that test of the validity may thus arise at the threshold. Examination, however, of the rules applicable to pleadings in patent cases fails to convince me that either ground for challenging the validity of the patents is open under the peculiar and carefully framed allegations of this bill.

1. The most serious contention is this, in substance: That the allegations are insufficient to so connect the patent in each instance with the original application named in the bill as to bring it within the rule of continuing applications; and that the essential allegations as to invention and no public use for two years, referring only to such original applications, are consequently defective. While the rule is conceded that the patentee is entitled to the date of an original application for such purposes in the usual case of divisional applications, the argument is not without force that the allegations differentiate the patents in suit from the rule as generally recognized in two particulars at least: (1) That it is not alleged that the claims of the patent in suit are claimed in the original application referred to, though they are stated as "embraced" therein; and (2) that the principal patent, No. 484,763, is stated as the production of a consolidated application from the division of two separate orig-

inals, with no identity of the claims with the respective original The requisites of a good bill are facts well stated to establish prima facie cause of action in equity, and it is neither necessary n( proper to attempt anticipation of defenses by allegations beyoı such prima facie case. It is well settled in the law of patents th the grant by the Patent Office is presumptive of an application due form commensurate with the grant. The facts required statute for the inventive act must be stated, and thereupon legations of the issue of letters patent, ownership by complaina infringement by the defendant, and damages sustained fulfill requirements of a bill for infringement. Unless the patent is v upon its face, or the other allegations negative the presumpti arising from the grant, such bill is not demurrable, and the fendant must set up any defensive matter in an answer. In o words, when the prima facie case is established, the defendant the burden of proof for the impeachment of the grant.

The allegations of the present bill are peculiar, due to the divisional genealogy of both patents, as alleged, and the long pendency of the applications in the Patent Office, so that reference to the original applications for the allegations as to invention and no public use was probably essential. Each patent is expressly alleged to be founded on divisional applications which embodied the invention, and were then pending in the Patent Office, all under requirements of that office. So appearing, I am of opinion that the legal presumption arises that the patent was well founded on such divisional applications, and that the complainant cannot be required to incorporate in his bill the contents of the applications referred to, nor can he be required to set out the particular portions thereof which enter into the divisional patent. The objection to the allegations that the original application "embraced" and "embodied" the invention in question, as mere statements of conclusions of law, and not of fact, is not well taken as I understand such terms. The ultimate fact is thus alleged, though its correctness may depend upon the language of the instrument—recognized in the patent law as a question of fact in jury cases. I am not impressed with the view that formal claim for the specific invention as finally allowed must be set forth in the original application as filed, if it appears elsewhere therein; and the authorities cited in support of that point do not seem to bear out the contention. The question whether two separate applications can be united in one divisional application is novel, and on the view stated as to the effect of the grant its solution should be left for final hearing, when all the circumstances are before the court.

2. The remaining cause assigned is the invalidity of both patents in suit on reference to the prior patents issued to the complainant and mentioned in the bill. I am of opinion that no profert of these prior patents is thereby made or implied, and that their contents is not matter subject to judicial notice until introduced of record, and thus not open to consideration on the demurrer.

I recognize, as to each of these grounds of demurrer, both the importance at this stage and the absolute right to have questions

touching the validity of the patents thus determined when fairly presented by the allegations or omissions of the bill, but such presentation is not made by this bill under the views above stated. The demurrer must be overruled, and it is so ordered.